IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PUERTO RICO FARM CREDIT, ACA<br><br>Plaintiff<br><br>v.<br><br>JAVIER ARNALDO APONTE PIETRI, his wife LUZ IRAIDA TORRES FLORES and the conjugal partnership constituted between them.<br><br>Defendants | CIVIL NO. 06-1855 (JAF)<br><br>COLLECTION OF MONEY AND FORECLOSURE OF MORTGAGE |

**JUDGMENT**

Upon plaintiff's application for Judgment, and it appearing from the records of the above entitled cause that default was entered by the Clerk of this Court against defendants Javier Arnaldo Aponte Pietri and Luz Iraida Torres Flores against which defendants plaintiff is entitled to a judgment by default, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The mortgage constituted by Javier Arnaldo Aponte Pietri and his wife Luz Iraida Torres Flores by Deed Number 97 before Notary Public Carlos Tomassini Ramírez on March 15, 1996, securing a mortgage note, payable to the order of the Puerto Rico Farm Credit, ACA, is a valid and subsisting mortgage and constitutes a lien prior to the estate or interest of the defendants in the above cause, on the mortgaged premises, as described in paragraph seven (7) of the complaint on file in the above cause, to wit:

Judgment
PR Farm Credit, ACA v.
Javier Arnaldo Aponte Pietri, et al
Civil No. 06-1855 (JAF)
Page 2

"RUSTICA: Lote cinco (5). Predio de terreno radicado en el Barrio Saltillo del término municipal de Adjuntas, Puerto Rico, con una cabida superficial de MIL PUNTO DOSCIENTOS SESENTA Y SEIS METROS CUADRADOS (1,000.266), equivalentes a cero punto veinticinco mil cuatrocientos cincuenta cuerdas (0.25450) cuerdas. Colinda por el Norte en veintitrés punto novecientos uno (23.901) metros, con el predio "B"; por el sur en veintitrés punto novecientos un metros (23.901), con el remanente de la finca principal; por el Este, en cuarenta y uno punto ochocientos cincuenta metros (41.850) con el lote seis (6); y por el Oeste en cuarenta y uno punto ochocientos cincuenta (41.850) metros, con el remanente de la finca principal de la cual se segrega."

The mortgage that encumbers this property that is being foreclosed herein is recorded at page 114 of volume 267 of Adjuntas, second $2^d$ inscription of property number 12,047, Registry of Property, Utuado Section.

2. That plaintiff Puerto Rico Farm Credit, ACA, a corporation existing under the Act of Congress known as the Agricultural Credit Act of 1987, 12. U.S.C.A. 2001, is a federally chartered instrumentality of the United States of America.

3. That defendants Javier Arnaldo Aponte Pietri and his wife Luz Iraida Torres Flores as subscribers of the mortgage note and the Deed of Mortgage hereinbefore referred to and as present owners of the mortgaged property described above are hereby ordered and adjudged to pay unto the plaintiff Puerto Rico Farm Credit, ACA, the following amounts: $70,007.87 of principal; plus $487.81 of default interests on installments due; plus $11,744.76 of accrued interest on principal as of May 30, 2007, plus interest on unmatured principal accruing thereafter at the rate of 9.25% equivalent to $16.6765 daily until the date of its full payment, plus $400.00 for expenses related to the cancellation of a mortgage note, plus, plus the sum of $8,920.00 as a fixed and liquid amount for the costs, expenses and attorneys fees.

Judgment
PR Farm Credit, ACA v.
Javier Arnaldo Aponte Pietri, et al
Civil No. 06-1855 (JAF)
Page 3

4. In default of the payment of the sums hereinbefore specified or of any part thereof, within ten (10) days from the date of entry of this judgment, the mortgaged property described in paragraph one (1) hereof, shall be sold at public auction to the highest bidder therefore, without an appraisal or right of redemption for the payment and satisfaction of plaintiff's mortgage within the limits secured thereby.

5. José Gallart, Esq. and/or Angelique Doble Bravo, Esq. is hereby designated and appointed Special Master to make the sale hereinbefore mentioned but said Special Master shall not proceed to carry out the said sale, nor do anything in connection therewith, until further order of this Court and under the form and conditions to be directed by this Court.

6. The sale to be made by the Special Master appointed herein shall be subject to the confirmation of this Court, and the purchaser or purchasers thereof shall be entitled to receive possession of the property sold.  The minimum bid to be accepted at the first public sale in accordance with the mortgage deed referred to in this auction is $89,200.00.  For the second public sale, the minimum bid is $59,466.66.  For the third public sale, the minimum bid is $44,600.00.

7. Any fund derived from the sale to be made in accordance with the terms of this Order and such further orders of this Court shall be applied as follows:

(a) To the payment of all proper expenses attendant upon said sale, including the expenses, outlays and compensation of the Special Master appointed herein, after the said compensation and expenses shall have been fixed and approved by the Court, all said expenses to be deducted from the sum of $8,920.00, provided in the deed of mortgage for costs, charges and disbursements, expenses and attorney's fees.

Judgment
PR Farm Credit, ACA v.
Javier Arnaldo Aponte Pietri, et al
Civil No. 06-1855 (JAF)
Page 4

(b) To the payment of all expenses or advances made by the plaintiff for an amount not to exceed $8,920.00.

(c) To the payment of that part of the indebtedness owed to plaintiff up to the amount of $70,007.87 of principal; plus $487.81 of default interests on installments due; plus $11,744.76 of accrued interest on principal as of May 30, 2007, plus interest on unmatured principal accruing thereafter at the rate of 9.25% equivalent to $16.6765 daily until the date of its full payment, plus $400.00 for expenses related to the cancellation of a mortgage note, plus, plus the sum of $8,920.00 as a fixed and liquid amount for the costs, expenses and attorneys fees.

(d) If after making all the above payments there shall be a surplus, said surplus shall be delivered to the Clerk of this Court, subject to further orders of the Court.

8. Plaintiff in these proceedings may apply to this Court for such further orders as it may deem advisable to its interests, in accordance with the terms of this judgment.

IT IS ORDERED.

At San Juan, Puerto Rico, this 29th day of June, 2007.

S/JOSE ANTONIO FUSTE
U.S. DISTRICT JUDGE